IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES WOODS, MIA POSEY and | ) | |
| VINCENT BOCK, for themselves and | ) | |
| all others similarly situated, | ) | Case No. 21-cv-739 |
| | ) | |
| Plaintiffs, | ) | JUDGE BARKER |
| v. | ) | |
| | ) | |
| FIRST TRANSIT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum in Support of Plaintiffs' Motion for Leave to File an Amended Complaint**

Plaintiffs respectfully submit this Memorandum of law supporting their Motion for Leave to File an Amended Complaint pursuant to Fed. R. Civ. P. 15(a):

**I.      Background Facts**

On April 6, 2021, James Woods, Mia Posey and Vincent Bock ("Plaintiffs") filed a Complaint in this Court alleging claims against First Transit, Inc. ("Defendant") under the FLSA and the state laws of Ohio, California and New York.  *See* Complaint [Doc. 1].

On June 14, 2021, Defendant filed a "Partial Motion to Dismiss" Plaintiffs' claims.  *See* Motion [Doc. 15].  In relevant part, Defendants argued that the Court should refuse supplemental jurisdiction over Plaintiffs' New York and California claims and proactively limit the statute of limitations governing Plaintiffs' FLSA claim to two-years.  *See* Motion at pp. 4-11, 15-17 [Doc. 15].

On October 7, 2021, this Court entered an Order granting Defendant's Motion.  *See* Oct. 7, 2021 Order [Doc. 22].  The Court declined to exercise supplemental jurisdiction over Plaintiffs' New York and California claims, finding they presented issues that would substantially predominate over Plaintiffs' FLSA and Ohio claims.  *Id.* at pp. 7-18 [Doc. 22].  The Court also proactively limited the limitations period for Plaintiffs' FLSA claim to two years because it found

1

they had not plausibly alleged a knowing or willful FLSA violation.  *Id.* at pp. 18-21 [Doc. 22].

Plaintiffs now seek leave to file an Amended Complaint addressing the Court's October 7, 2021 ruling by: 1) removing their California and New York class-action allegations; 2) removing their claims under California and New York law; 3) removing requests for relief relating to the California and New York claims; 4) adding factual allegations describing Defendant's actual or constructive knowledge of Plaintiffs' and the putative Collective/Class members' pre-shift, post-shift and meal break work; and 5) removing Ms. Posey as a Named Plaintiff.[1]  *See* Amended Complaint (Exhibit A).  Plaintiffs have attached their proposed Amended Complaint in both "clean" and "redlined" formats to show their proposed revisions *Cf.* "Clean" and "Redlined" Amended Complaints (Exhibits A-B).  Plaintiffs respectfully ask the Court to grant their Motion and allow this proposed amendment because they are acting in good faith, close in time to their receipt of the Court's guidance, to clarify the claims, parties and time-frames involved in this action – and because their amendment is in the interests of justice and not prejudicial or futile.

II.     **Argument**

A.     **Civil Rule 15(a)'s standard is to "freely give leave when justice so requires."**

Amendment of Plaintiffs' Complaint is proper under Federal Rule of Civil Procedure 15(a), which states in relevant part: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  Rule 15 employs a "liberal standard" for granting leave to amend.  *See e.g., Ames v. Dep't of Youth Servs.,* 2021 WL 1815066, *2 (S.D. Ohio May 6, 2021); *Bus. Dev. Corp. of S.C. v. Rutter & Russin, LLC*, 2021 WL 1295062, *9 (N.D. Ohio Apr. 7, 2021).  The United

---

[1] Based on their ongoing investigation and information informally provided by Defendant, it appears that Ms. Posey did not work for Defendant as a fixed-route bus driver, but in in another driver position, meaning she does not fit the Collective/Class definition and, upon being presented with this information, agreed to withdraw from this action.

States Supreme Court has instructed courts to "heed" this mandate, stating:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeat failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Darvis*, 371 U.S. 178, 182 (1962).  *See, e.g., Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998) ("Under Rule 15(a), leave to amend a pleading shall be freely given when justice so requires); *Armengau v. Warden, London Corr. Inst*., 2021 WL 1975321, *2–3 (S.D. Ohio May 18, 2021) (granting motion to amend despite a "lengthy procedural history"); *Harris v. Erdos*, 2020 WL 9218974, *2 (S.D. Ohio Nov. 2, 2020) (granting fourth motion to amend).

### B. The Proposed Amended Complaint Meets The Standard For An Order Granting The Motion.

#### 1. Plaintiffs' proposed amendment is in the interest of justice and is sought in good faith.

Plaintiffs propose to amend their Complaint to reflect this Court's recent rulings by removing their California and New York class action allegations, removing their claims under California and New York law, removing their requests for relief relating to the California and New York claims and removing Ms. Posey as a Named Plaintiff.  *See* Amended Complaint (Exhibit A). Plaintiffs also propose to amend their Complaint to address this Court's recent rulings by adding factual allegations describing Defendant's knowledge of Plaintiffs' and the putative Collective/Class members' pre-shift, post-shift and meal break work.   These proposed amendments are intended to effectuate the Court's rulings concerning California and New York claims and supplement Plaintiffs' allegations of a "knowing" or "willful" FLSA violation.  As such, this amendment is necessarily sought in good faith and serves the interests of justice. Additionally, given the early procedural status of this matter, Defendant will not be prejudiced by

the proposed amendment.

**2.      Plaintiffs' proposed amendment is timely and does not prejudice Defendant.**

Plaintiffs' proposed amendment is timely because it has been sought within twelve days of this Court's issuance of an order dismissing their claims under California and New York law and imposing a two-year limitations period on their FLSA claim.  *See* Oct. 7, 2021 Order [Doc. 22]. *See, e.g., Roush v. Stone,* 2010 WL 3037003, *3 (S.D. Ohio Aug. 2, 2010) (denying motion for leave to amend as untimely where party "waited until 31 days prior to trial… [a period of] more than two years" to seek amendment).  By this standard, Plaintiffs' proposed amendment is obviously timely.

Further, Plaintiffs' proposed amendment does not prejudice Defendant.  Plaintiffs have consistently represented that Defendant has engaged in a willful FLSA violation to which the "maximum limitations period" should apply – demonstrating that the amendment Plaintiffs now seek to support application of a three-year FLSA limitations period is not unexpected.  *See* Complaint at ¶¶ 28, 54 [Doc. 1]; Motion to Dismiss Opposition, pp. 15-16 [Doc. 18].  Further, Plaintiffs seek this amendment not to gain a litigation advantage, but to preserve the maximum limitations period applicable to their FLSA claim in response to this Court's assessment that Plaintiffs' original Complaint did not "allege [any] facts that plausibly suggest any intent or knowledge on Defendant's part."  *See* Oct. 7, 2021 Order at pp. 19-20 [Doc. 22].  Last, this matter is at a very early procedural stage: the Parties have not yet attended the initial Case Management Conference (set for November 15, 2021), *see* Notice [Doc. 23], served initial disclosures, or engaged in any discovery.  As such, allowing Plaintiffs' proposed amendment will not unfairly prejudice Defendant, who has been on notice of the gist of Plaintiffs' claims from the time it received the original Complaint.

4

### 3.      Plaintiffs' proposed amendment is not futile.

Finally, Plaintiffs' proposed amendment is not futile.  The majority of Plaintiffs' proposed amendments are intended to conform their Complaint to this Court's rulings on the scope of their claims.  Plaintiffs' remaining revisions (*i.e.,* adding factual allegations describing Defendant's actual or constructive knowledge of its fixed-route bus drivers' pre-shift, post-shift and meal break work) are made to address the Court's recent ruling.  *Cf.* Oct. 7, 2021 Order at pp. 19-20 [Doc. 22] *with* Amended Complaint (Exhibit A) (pleading facts to explain Defendant's actual or constructive knowledge of fixed-route bus drivers' unpaid off-the-clock pre-shift, post-shift and meal break work).  Allowing this amendment will satisfy the requirement that a plaintiff "plead facts about the defendant's mental state which, accepted as true, make the state-of-mind allegation plausible on its face."  *See* Oct. 7, 2021 Order at p. 19 [Doc. 22], *citing Katoula v. Detroit Entm't, LLC,* 557 F. App'x 496, 498 (6th Cir. 2014).   This amendment will allow Plaintiffs to maintain a three-year limitations period for their FLSA claim, so it is not futile.

### III.     Conclusion

Accordingly, Plaintiffs respectfully submit that their proposed amendment meets the liberal standard this Court applies to motions under Rule 15(a) and should be allowed.  *See Coe*, 161 F.3d at 341–42; *Armengau*, 2021 WL 1975321 at *2–3; *Ames,* 2021 WL 1815066 at *2; *Bus. Dev. Corp. of S.C.*, 2021 WL 1295062 at *9; *Harris*, 2020 WL 9218974 at *2.

Dated: October 19, 2021                    Respectfully Submitted,

|  | */s/ Daniel R. Karon*<br>Daniel R. Karon (#0069394)<br>Beau D. Hollowell (#0080704)<br>**KARON LLC**<br>700 West St. Clair Avenue, Suite 200<br>Cleveland, OH  44113<br>(216) 622-1851<br>dkaron@karonllc.com<br>bhollowell@karonllc.com |
|---|---|
| David J. Cohen (admitted *pro hac vice*)<br>**STEPHAN ZOURAS LLP**<br>604 Spruce Street<br>Philadelphia, PA 19106<br>(215) 873-4836<br>dcohen@stephanzouras.com | James B. Zouras (admitted *pro hac vice*)<br>Teresa M. Becvar (admitted *pro hac vice*)<br>**STEPHAN ZOURAS, LLP**<br>100 N. Riverside Plaza, Suite 2150<br>Chicago, IL  60606<br>(312) 233-1550<br>jzouras@stephanzouras.com<br>tbecvar@stephanzouras.com |

*Attorneys for Plaintiffs, the Putative FLSA Collective, and the Putative State Law Class*