**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES WOODS, *et al*., | CASE NO. 1:21-cv-739 |
| Plaintiffs, | JUDGE CHARLES E. FLEMING |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS JAMES WOODS' CLAIMS UNDER FRCP 12(c)** |
| FIRST TRANSIT, INC., | |
| Defendant. | |

## I.    Procedural History

On October 28, 2021, Defendant filed a motion to dismiss Plaintiff Woods from the lawsuit because Mr. Woods' claims are time-barred.  (ECF No. 27).  Plaintiffs had a pending motion to amend their complaint at that time, so Defendant clarified that if the Court granted the Plaintiffs' motion, the Court should still dismiss Counts II and III of the amended complaint as time-barred. *Id*.  On November 11, 2021, Plaintiffs responded that Defendant's motion was premature because there was a pending motion to amend the complaint.  (ECF No. 31).  They argued that their amended complaint moots the Defendant's statute of limitations argument because the amended complaint identifies Mr. Woods' last day of work at First Transit as April 12, 2019, so his complaint was filed within the applicable two-year limitations period.  (ECF No. 31, PageID 441).

On November 15, 2021, Defendant replied in support of its motion arguing that the date of Mr. Woods' last day of work at First Transit is irrelevant because what matters for the statute of limitations is whether he worked or was paid improperly as a fixed-route driver on or after April 6, 2019.  (ECF No. 34).  On April 13, 2022, the Court granted Plaintiffs' motion to amend their complaint.  (ECF No. 47).  On April 15, 2022, Plaintiffs filed their amended complaint.  (ECF No.

49).  On April 27, 2022, Defendant answered the complaint and indicated that it still wanted the Court to rule on its motion for judgment on the pleadings.  (ECF No. 50).

## II.    Legal Standard

After pleadings are closed, a party may move for judgment on the pleadings.  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings essentially constitutes a delayed motion under Rule 12(b)(6) and is evaluated under the same standard.  *See Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021).  Under that standard, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to the plaintiff, accepts the allegations of the complaint as true, and draws all reasonable inferences in the plaintiff's favor.  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  A motion for judgment on the pleadings may dispose of a case where the statute of limitations provides an effective bar against a plaintiff's claims.  *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

## III.    Analysis

Plaintiffs' amended complaint mooted most of the issues concerning timeliness raised in Defendant's motion for judgment on the pleadings.  However, Defendant contended that Counts II and III of Plaintiffs' amended complaint are time-barred because Plaintiffs did not establish that Woods worked or was improperly paid for work as a fixed-route bus driver within the relevant statute of limitations.  (ECF No. 27 and ECF No. 34).  Plaintiffs responded that any consideration of that issue concerns matters outside the pleadings, which would convert Defendant's motion to a motion for summary judgment under Fed. R. Civ. P. 12(d).  (ECF No. 31, PageID 442).  Instead of denying the entirety of Defendant's motion as moot, the Court will address this remaining

concern regarding the timeliness of Counts II and III.  The Court will not convert the motion to a motion for summary judgment at this time because it is possible to consider the motion without considering matters outside the pleadings.

In the amended complaint, Plaintiffs allege that Plaintiff Woods was a full-time employee of First Transit through April 12, 2019 and that he drove a fixed-route bus on one or more occasions during his employment.  (ECF No. 30, PageID 399).  For all three of Plaintiffs' claims, the earliest the statute of limitations tolled was two years after receipt of Woods' last paycheck.  *See Kowalski v. Kowalski Heat Treating, Co.*, 920 F.Supp. 799, 806 (N.D. Ohio 1996); *Stephenson v. Family Solutions of Ohio, Inc.*, 2020 WL 6685301, *14 (N.D. Ohio Nov. 12, 2020).

The complaint does not contain the date of Woods' final paycheck.  However, assuming Woods received his final paycheck either on or after his final day of employment with First Transit on April 12, 2019, Plaintiffs' complaint was filed within two years of receipt of that final paycheck.  Defendant does not cite to any law to support its contention that Plaintiffs must establish that Woods worked as a fixed-route bus driver or was paid improperly as such within two years of the filing of the complaint to survive a motion for judgment on the pleadings.  Considering evidence to the contrary would involve the Court considering matters outside the pleadings, which would convert Defendant's motion to a motion for summary judgment and would require further discovery before Court consideration.  Construing the factual allegations in the complaint in the light most favorable to Plaintiffs, accepting the allegations as true, and drawing all reasonable inferences in Plaintiffs' favor, the Court finds that the statute of limitations does not bar Plaintiff Woods' claims.  The pleadings contain sufficient facts that make it plausible that Woods drove a fixed-route bus or received a paycheck with an overtime disparity within two years of filing the complaint on April 6, 2021.  Accordingly, the Court **DENIES** Defendant's motion to dismiss

Plaintiff Woods' claims under Rule 12(c).

**IT IS SO ORDERED**.

Dated:   July 5, 2022

_____

**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

4