**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES WOODS, *et al.*, | ) | CASE NO. 1:21-cv-739 |
| | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| Plaintiffs, | ) | |
| | ) | **ORDER RE: DEFENDANT'S** |
| v. | ) | **MOTION TO STAY** |
| | ) | |
| FIRST TRANSIT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## I. Procedural History

On June 29, 2022, Plaintiffs moved for FLSA conditional certification. (ECF No. 53). On July 28, 2022, Defendant filed a motion to stay proceedings until the Sixth Circuit rules on *Brooke Clark, et al. v. A&L Home Care & Training Ctr.*, No. 22-3101 (6th Cir.), which will clarify whether certifying an FLSA collective action is a one-step or two-step inquiry. (ECF No. 56). On August 11, 2022, Plaintiffs opposed the stay and requested that the Court continue to apply the two-step FLSA certification process until the Sixth Circuit expressly rejects it. (ECF No. 58). In the alternative, if the Court were to grant a stay, Plaintiffs requested equitable tolling of the statute of limitations for all potential FLSA collective members from the date the stay is granted until whatever date a Court approved FLSA notice is mailed to FLSA collective members. *Id*.

Defendant replied that a stay is in the best interest of judicial economy. (ECF No. 59). Defendant also argued that the Court cannot grant equitable tolling for potential collective members because Plaintiffs do not yet represent the interests of absent opt-in plaintiffs. *Id*.

## II. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court has broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The burden is on the party seeking the stay to show "there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

### III. Analysis

Defendant cited to the stay issued in *Lovendahl v. Kroger Company, Inc.*, 2022 WL 594806 (S.D. Ohio, Feb. 28, 2022) in support of its motion to stay. (ECF No. 56). In *Lovendahl*, the Court found that waiting for the Sixth Circuit's decision in *Brooke Clark, et al. v. A&L Home Care & Training Ctr.*, No. 22-3101 (6th Cir.) concerning the viability of the two-phase inquiry for conditionally certifying an FLSA collective action created judicial economy, so the Court stayed proceedings pending the disposition of the Sixth Circuit's case. *Lovendahl v. Kroger Company, Inc.*, 2022 WL 594806, at *2–3 (S.D. Ohio Feb. 28, 2022).

In opposition, Plaintiff cited to numerous cases in the Northern and Southern Districts of Ohio where the Court has granted conditional certification this year. (ECF No. 58). However, none of the cases mentioned that either party had moved to stay proceedings. One of the cases addresses waiting for the Sixth Circuit decision and ruled that it would not create judicial economy to wait because that case involved a "hybrid collective action brought under FLSA and Rule 23 class action brought under the laws of the state of Ohio." *See Kleinhans v. Greater Cincinnati Behavioral Health Services*, No. 1:21-CV-00070, 2022 WL 682664, at *1 (S.D. Ohio Mar. 8, 2022). However, Plaintiffs have not yet moved for Rule 23 class certification and the statute of limitations for that claim will not be affected if the Court issues a stay in this case.

It would save time and effort to stay the instant proceedings rather than implementing a two-phase inquiry that may become obsolete if rejected by the Sixth Circuit. This would serve the laudable purposes of judicial efficiency and economy. However, the Court will not allow this stay to affect the ability of potential opt-in plaintiffs from joining in the future. Plaintiffs requested that the Court equitably toll the statute of limitations for all potential FLSA collective members from the date the stay is granted until whatever date a Court approved FLSA notice is mailed to FLSA collective members. (ECF No. 58). However, Defendant is correct that it is premature for the Court to rule on equitable tolling at this point because the Court has not ruled on conditional certification. *See Betts v. C. Ohio Gaming Ventures, LLC*, 351 F. Supp.3d 1072, 1076 (S.D. Ohio 2019) ("a ruling on equitable tolling prior to certification would be premature as the characteristics of the putative class were still unclear at that stage of the litigation"). The Court will address equitable tolling if it conditionally certifies the collective action in the future.

## IV.  Conclusion

Accordingly, the Court **GRANTS** Defendant's motion to stay this matter pending the disposition of *Brooke Clark, et al. v. A&L Home Care & Training Ctr.*, No. 22-3101 (6th Cir.). The parties shall jointly contact the Court's deputy clerk within fourteen (14) days of the final disposition of that matter to set a mutually agreeable date for a status conference.

**IT IS SO ORDERED**.

Dated:  September 26, 2022

                                                  **HONORABLE CHARLES E. FLEMING**
                                                  **UNITED STATES DISTRICT JUDGE**